U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

JUN 0 3 2008

ROBERT H. SHEMWELL, CLERK
BY _____
            DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:04 CR 20127-003 |
| VS. | : | JUDGE MINALDI |
| KALUB DOYLE, JR. | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Presently before the court is a Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct a Sentence [doc. 182] filed by the defendant, Kalub Doyle, Jr. ("Doyle"). The motion has been opposed by the Government and the defendant filed a reply. This matter is fully briefed and ready for disposition.

The defendant argues that the court erred in two sentencing issues and ineffective assistance of counsel.

The sentencing issues raised are:

1)   There was no evidence to support a three level enhancement of the base offense level, and

2)   The defendant argues that the victim, Treacy Robbins ("Robbins"), was not seriously injured and that he, Doyle, did not use a weapon.

In this §2255 motion, to support his assertion of ineffective assistance of counsel, Doyle makes five allegations:

1)   His trial attorney was not prepared to go to trial;

2)   His attorney failed to investigate the identity of the true owner of the knives;

3)      His attorney did not investigate to determine who actually witnessed the altercation and then subpoena them for trial;

4)      His attorney failed to call the defendant to testify in his own behalf; and

5)      His attorney failed to object to the introduction of the knives used in the attack on Robbins because Agent Joe Duenas did not present the knives as evidence to the Grand Jury.

## PROCEDURAL HISTORY

On September 15, 2004, a federal grand jury returned a one-count indictment charging the defendant, KALUB DOYLE, JR., Mark Barnes, Perry Lister, Boris Bynum, and Robert Hill, with aiding and abetting each other in the commission of an assault with a dangerous weapon, in violation of 18 U.S.C. § 113(a)(3)(ii). (Rec. Doc. 1). Andrew Casanave was appointed to represent Kalub Doyle. (Rec. Doc. 10). An order was granted appointing an investigator as to Kalub Doyle. (Rec. Docs. 28, 35, 37).

On February 22, 2005, a bench trial was held. The defendants were found guilty as charged. (Rec. Docs. 111, 119). On July 12, 2005, the defendant was sentenced to 100 months imprisonment, which is to run consecutively to any undischarged term of imprisonment. (Rec. Docs. 151, 155). The United States Court of Appeals for the Fifth Circuit affirmed the defendant's sentence and conviction.

That judgment was entered into this court record on June 27, 2007. (Rec. Doc. 176). On March 24, 2008, the defendant filed the instant motion.

## FACTS

The facts in the case were fully described in the opinion affirming the defendant's conviction. They were incorporated into the Government's brief and are not repeated herein.

## LAW AND ANALYSIS

" 'Relief under 28 U.S.C.§ 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.' "[2]

Collateral review is fundamentally different from a direct appeal.[3]  A district court's technical application of the Guidelines does not give rise to a constitutional issue.[4]  Doyle filed a direct appeal. His conviction and his sentence were affirmed.  Therefore, Doyle's claims that: there was no evidence to support a three level enhancement of the base offense level;  the victim, Robbins, was not seriously injured; and he, Doyle, did not use a weapon are not cognizable under the limited scope of relief available under 28 U.S.C.A. § 2255.[5]

Doyle also argues ineffective assistance of counsel. Evaluating whether counsel was ineffective is subject to the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  The test requires first, "a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and second, a showing that the deficient performance so prejudiced the defense that the defendant was

---

[2]  *United States v. Segler,* 37 F.3d 1131, 1133 (5th Cir.1994) (quoting *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir.1992) (per curiam)).

[3]  *United States v. Frady*, 102 S.Ct. 1592-93 (1982).

[4]  *United States v. Lopez,* 923 F.2d 47, 50 (5th Cir.), *cert. denied,* 500 U.S. 924, 111 S.Ct. 2032, 114 L.Ed.2d 117 (1991).

[5]  *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir., 1992).

deprived of a fair and reasonable trial.[6] The burden that *Strickland* poses on a defendant is severe.[7]

One way to satisfy the deficiency prong of the *Strickland* test is for the defendant to demonstrate that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards.[8] Given the almost infinite variety of trial techniques and strategies available to counsel, this court must be careful not to second guess legitimate strategic choices which may now, in retrospect, seem questionable or even unreasonable. The Fifth Circuit has stressed that, "great deference is given to counsel, 'strongly presuming that counsel has exercised reasonable professional judgment.'"[9]

In evaluating counsel's alleged ineffective assistance "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding."[10] Rather, the defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine such confidence in the outcome.[11]

Doyle argues that his attorney was ineffective for failing to investigate to determine the

---

[6]   *Uresti v. Lynaugh*, 821 F.2d 1099, 1101 (5th Cir. 1987) (quoting *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064); *United States v. Gibson*, 985 F.2d 212, 215 (5th Cir. 1993).

[7]   *Proctor v. Butler*, 831 F.2d 1251, 1255 (5th Cir. 1987).

[8]   *Martin v. McCotter*, 798 F.2d 813, 816 (5th Cir. 1986), *cert. den.*, 107 S.Ct. 934, 479 U.S. 1056, 93 L.Ed.2d 985 (1987).

[9]   *Id.* at 816 (quoting *Lockart v. McCotter*, 782 F.2d 1275, 1279 (5th Cir. 1986), *cert. den.*, 479 U.S. 1030, 107 S.Ct. 873, 93 L.Ed.2d 827 (1987)).

[10]   *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067.

[11]   *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

4

identity of the "true owner" of the weapon and the identity of the witnesses to the actual altercation. *Strickland* counsels that attorneys have a "duty to make reasonable investigations" regarding whether admissible evidence exists.[12] In evaluating attorneys' judgments as to whether to pursue evidence, courts must consider "whether the known evidence would lead a reasonable attorney to investigate further."[13] We apply a "heavy measure of deference to [an attorney's] judgments" as to whether additional evidence may be adduced by further investigation.[14] "If the decision not to investigate beyond a certain point is reasonable, then the failure to do so cannot constitute ineffective assistance of counsel."[15] Doyle hired an investigator. There is no evidence of a failure to investigate and Doyle has failed to show what this investigation would have divulged or why it would have been likely to make any difference in his trial or sentencing.[16]

The defendant makes a conclusory allegation that his attorney was not prepared to go to trial. This allegation lacks evidentiary support.

The defendant alleges that his attorney was ineffective for not permitting him to testify. When a defendant argues that his attorney interfered with his right to testify, this court applies the *Strickland* standard to ineffectiveness claims concerning the right to testify.[17] Although under the

---

[12]   466 U.S. at 691.

[13]   *Wiggins v. Smith,* 539 U.S. 510, 527 (2003).

[14]   *Id.*

[15]   *Stenson v. Lambert,* 2007 WL 2782551, *14 (9th Cir., 2007).

[16]   *Anderson v. Collins,* 18 F.3d 1208, 1221 (5th Cir. 1994).

[17]   *See United States v. Willis,* 273 F.3d 592, 598 (5th Cir. 2001); *Sayre v. Anderson,* 238 F.3d 631, 634 (5th Cir. 2001).

*Strickland* ineffective-assistance standard " 'the decision whether to put a Defendant on the stand is a "judgment call" which should not easily be condemned with the benefit of hindsight,'... it cannot be permissible trial strategy, regardless of its merits otherwise, for counsel to override the ultimate decision of a defendant to testify contrary to his advice."[18] Doyle's failure to stand up in court and to insist on testifying is not dispositive of the issue whether he acquiesced in his attorney's decision that he not testify.[19] Doyle offered no evidence in support of his assertion that counsel effectively deprived him of his right to testify. The failure to testify was "more likely" the product of counsel's persuasion that such was a better strategy.[20]

Assuming *arguendo* that Doyle could show that counsel performed deficiently under *Strickland* by effectively denying him his right to testify, he must still establish that the deficient performance prejudiced his defense.[21] Doyle has not succeeded in making this showing.[22]

Doyle argues that his counsel was ineffective for failing to object to the introduction of the knives at trial because the investigating agent had not presented the knives to the grand jury. The decision to object or not to object during trial is strategic. Doyle has not established that the failure

---

[18] *United States v. Mullins*, 315 F.3d 449, 453 (5th Cir.2002) (citation omitted).

[19] *See id.* at 455 ("We resist the suggestion that we ought to insist that a defendant directly address the court at the pain of waiver to assert his right to testify when his counsel will not abide his decision.").

[20] *See United States v. Martinez*, 181 F.3d 627, 628 (5th Cir.1999).

[21] *Mullins*, 315 F.3d at 456.

[22] *U.S. v. Araujo*, 77 Fed.Appx. 276, 278, 2003 WL 22316865, 1 (5th Cir., 2003).

to object was not a strategic decision.[23]  Doyle does not point out any legitimate ground on which this evidence could have been suppressed or ruled inadmissible. The Fifth Circuit has made it clear that counsel is not required to make futile motions or objections,[24] so the failure to do so is not ineffective assistance of counsel.

Accordingly, for the reasons stated herein, the defendant's §2255 Motion will be denied.

Lake Charles, Louisiana, this ___3 day of May, 2008.


PATRICIA MINALDI
UNITED   STATES   DISTRICT   JUDGE

---

[23]  *Strickland*, 104 S.Ct. at 2065-66.

[24]  *See Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir.1984) (per curiam).

7