UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:04-CR-20127-03** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **KALUB DOYLE JR (03)** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a pro se Motion for Compassionate Release, Motion for Sentence Reduction, and Motion to Appoint Counsel [doc. 223] filed by defendant Kalub Doyle Jr., who is serving a term of imprisonment imposed by this court. The government opposes the motions. Doc. 228.

## I.
### BACKGROUND

Following a bench trial the defendant and four others were convicted of one count of assault with a dangerous weapon, a violation of 18 U.S.C. § 113(a)(3). The charges arose from their involvement in an altercation that occurred in at the Federal Correctional Institution at Oakdale, Louisiana, where the defendant was then serving a 400-month term of imprisonment arising from a federal drug trafficking conviction.[1] Doc. 1; *see United States v. Doyle*, 412 F. App'x 710, 712 (5th Cir. 2011). For the assault conviction the defendant was sentenced to a 100 month term of imprisonment, to run concurrent to the

---

[1] That sentence was subsequently reduced to 360 months, as a result of the defendant's motion under 18 U.S.C. § 3582(c). *See Doyle*, 412 F. App'x at 712.

1

remainder of his prior term. Doc. 155. His conviction and sentence were affirmed on appeal. Docs. 176, 178.

BOP records show that the defendant is now 54 years old. He remains in the custody of the BOP at the Federal Correctional Institution in Yazoo City, Mississippi, with an anticipated release date of November 5, 2024. He now requests compassionate release/reduction of sentence, based on fear of the COVID-19 virus and health conditions—including high blood pressure and obesity—that might put him at risk of complications from the disease, as well as the hardship of being incarcerated under quarantine. Doc. 223. He also requests appointment of counsel for this effort. *Id.*

## II.
## LAW & APPLICATION

### A. Appointment of counsel

Appointment of counsel is not required for this type of proceeding and the decision instead rests in the court's discretion. *See United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995). For motions for compassionate release based on the COVID-19 pandemic, this court has created a standard procedural order under which the Office of the Federal Public Defender considers each case and decides whether to enroll. A copy of the order was entered in the defendant's case [doc. 224], and shortly thereafter the office informed the court that it would not enroll in this matter. Based on this decision, and after a review of the motion, the court declines to exercise its discretion to appoint counsel in the defendant's case.

## B. Compassionate Release/Reduction of Sentence

A sentence of imprisonment may only be modified by the district court in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 825 (2010). The court may reduce a term of imprisonment for "extraordinary and compelling reasons" so long as they are "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Following passage of the First Step Act in 2018, inmates may use this provision to directly petition the court for compassionate release. The court may only act, however, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request . . . whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, the inmate is required to exhaust his administrative remedies with the BOP before bringing such a request to the court. *United States v. Franco*, 973 F.3d 465, 467–69 (5th Cir. 2020). Although this requirement is not jurisdictional, exhaustion is a mandatory claims-processing rule and a defendant's failure to exhaust is grounds for dismissal. *Id.* When the government raises exhaustion as a defense, therefore, the court must enforce it. *Id.* at 468 (citing *Pierre-Paul v. Barr*, 930 F.3d 684, 692 (5th Cir. 2019)). The defendant bears the burden of demonstrating his compliance with this requirement. *See, e.g.*, *United States v. Van Sickle*, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020) (collecting cases).

As the BOP's program statements reflect, the exhaustion requirement allows the BOP to have the first pass at the inmate's motion, to research the grounds for relief, and to

bring the motion on his behalf if it chooses. *See* 28 C.F.R. § 571.62(a). This mirrors the exhaustion requirement under the Prison Litigation Reform Act, which requires that an inmate pursue administrative remedies through the BOP in order to give the prison an opportunity to address the issue. *United States v. Williams*, 987 F.3d 700, 703–04 (7th Cir. 2021) (citing *Woodford v. Ngo*, 548 U.S. 81, 93 (2006)). Accordingly, as the Seventh Circuit recently affirmed, the district court may deny a motion for compassionate relief as unexhausted where the defendant raises different grounds from those he presented to the warden. *Id.*

Here the defendant has submitted documentation of a request for compassionate release that he made to the warden at FCI Yazoo City in July 2020. Doc. 223, att. 1. But the basis of this request was "being locked up for 25 years" rather than his fear of COVID-19. *Id.* at 3. The government's response also references a request for sentence reduction, made in December 2020 and apparently based on the defendant's frustration with the restrictions of quarantine, that the court cannot locate in the defendant's exhibits. Doc. 228, p. 2. Neither request provides the warden with fair notice of the main basis of this motion: the defendant's fear of COVID-19, based on exposure at FCI Yazoo City and his comorbid health conditions. Accordingly, the defendant fails to demonstrate that he properly exhausted his administrative remedies in pursuit of compassionate release or that there is any other basis for sentence reduction available to him. The motions must be dismissed, without prejudice to his right to reassert them upon a showing of proper exhaustion.

4

## III.
### CONCLUSION

For the reasons stated above the defendant's Motion for Compassionate Release, Motion for Reduction of Sentence, and Motion for Appointment of Counsel [doc. 223] are **DENIED**, without prejudice to defendant's right to reassert them upon a showing of proper exhaustion.

**THUS DONE AND SIGNED** in Chambers on this 10th day of March, 2021.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**